**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

I'Teshia C. Briggs, Daniel Stanley, Danny Johnson, and
Marion Joyner, Defendants,

Of whom I'Teshia C. Briggs is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000672

———————————

Appeal From Richland County
Huntley S. Crouch, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-084
Submitted March 6, 2023 – Filed March 13, 2023

———————————

**AFFIRMED**

———————————

Benjamin Reynolds Elliott, of Stevens B. Elliott,
Attorney At Law, of Columbia, for Appellant.

Kathryn J. Walsh, of Spartanburg, for Respondent.

Angela L. Kohel, of Richland County CASA, of Columbia, for the Guardian ad Litem.

—————————

**PER CURIAM:** I'Teshia C. Briggs (Mother) appeals a family court order terminating her parental rights to four of her minor children (collectively, Children). On appeal, Mother argues the family court erred by (1) terminating her parental rights when the South Carolina Department of Social Services (DSS) failed to make reasonable efforts to reunify and preserve the family, and no placement plan was ordered; (2) finding clear and convincing evidence supported a statutory ground to terminate her parental rights; and (3) finding termination of parental rights (TPR) was in Children's best interests. We affirm.

On appeal from the family court, appellate courts review factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find Mother's argument regarding reasonable efforts and a placement plan are not preserved because she did not appeal the 2020 removal order or raise this argument at the TPR hearing. *See Kosciusko v. Parham*, 428 S.C. 481, 506, 836 S.E.2d 362, 375 (Ct. App. 2019) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (alteration in original) (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003))); *id.* ("Issues not raised and ruled upon in the [family] court will not be considered on appeal." (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)).

We hold clear and convincing evidence showed Children were harmed, and due to the severity or repetition of the harm, it was not reasonably likely Mother's home could be made safe within twelve months. *See* § 63-7-2570(1) (providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20, and

because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2022) ("'Child abuse or neglect' or 'harm' occurs when the parent . . . inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). We find Mother's extensive history with DSS showed repetitive abuse and neglect. In 2012, the family court found Mother physically and medically neglected her oldest child and another one of her children, who is not involved in this action. In 2014, the family court found Mother physically abused three of her children and ordered her name entered into the Central Registry of Abuse and Neglect. Most recently, in 2020, the family court found Mother's youngest child was abused or neglected because he sustained a skull fracture and minor subdural hematoma at two months of age. Accordingly, we hold clear and convincing evidence supports this ground.[1]

We hold TPR is in Children's best interests. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Although Mother completed treatment services in prior DSS actions with Children, Children continued to sustain physical injuries requiring DSS intervention while in Mother's custody. Additionally, at the time of the TPR hearing, Children had been in foster care for three continuous years, and after they were removed in 2012, were in Mother's care for only three months in 2018 before being removed again. Children are all doing well in pre-adoptive foster homes, and both the DSS case worker and the guardian ad litem testified TPR was in Children's best interests. Based on the foregoing, we hold TPR is in Children's best interests.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] Because we hold clear and convincing evidence supports at least one statutory ground for TPR, we decline to address Mother's arguments regarding the remaining grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.